ÆTNA INSURANCE COMPANY, Plaintiff in Error, *v.* JAMES MO-
NAGHAN, JOHN B. HENDERSON, AND JOHN M. MILROY, De-
fendants in Error.

*Securities—Notice to Sue—Penal Bonds.*—The provisions of the statute relating
to securities, R. C. 1845, p. 1454, §§ 1–3, authorizing the security to notify
the creditor to sue the principal debtor and other parties liable, do not apply
to a security in a penal bond with collateral conditions to secure the per-
formance of the duties of an office, trust, or business, although there be a
condition for the payment of moneys. Such bonds are excluded by the
provisions of § 4 of the statute.

*Error to Louisiana Court of Common Pleas.*

*Glover & Shepley,* for plaintiff in error.

I. The court erred in not giving the plaintiff's instruc-
tions. The case showed no defence for any maker of the
bond. The "Act concerning securities," approved Nov. 23,
1855, R. C. 1855, p. 1453, is not applicable to the matter.

No surety can be relieved from liability on such a bond by
giving notice to sue—§ 4 of same act, p. 1455. The bond
sued on is one to secure the performance of the duties of
Monoghan as one having a "trust" or "business" to conduct.
It is a bond with a collateral condition *not* "exclusively for
the payment of money or the delivery of property."

*J. B. Henderson,* for defendants in error.

I. It is true that the bond is one with a collateral condi-
tion; but so soon as forfeited by the failure of Monaghan to
pay, and his removal from the position, it became a bond for
the *direct payment* of the amount of the penalty. The pen-
alty being due, the notice could be properly given; and hav-
ing been given, the plaintiff's failure to sue in the prescribed
time exonerates the surety.

II. The only condition of the bond sued on is for the pay-
ment of money received by Monaghan on account of the
company and for the delivery of property that may come into
his hands; and hence it is such an instrument as that a

surety may be discharged from it by notice—R. C. 1855, p. 1455, § 4.

III. The covenant or agreement of Monaghan in this case was to pay money and deliver property. When his agency was terminated, there was no pretence that the bond required more of him than the payment of a certain amount of money. The obligation of the bond was to pay this money, and all bonds "for the performance of any covenant or agreement for the payment of money or delivery of property" come within the rule of the statute discharging the surety on notice—R. C. 1855, p. 1455, § 4.

WAGNER, Judge, delivered the opinion of the court.

This was an action commenced and prosecuted in the Pike county Circuit Court by the plaintiff in error against James Monaghan, John B. Henderson, and John M. Milroy. It seems that on the 9th day of April, 1859, Monaghan was appointed agent of the insurance company in the city of Louisiana, Pike county, Missouri, and gave his bond in the penal sum of seven hundred and fifty dollars, with Henderson and Milroy as his sureties. The bond was conditioned that Monaghan should receive, as agent of said company, sums of money for premiums, payments of losses, salvages, collections for goods, chattels and other property, and also keep true and correct account of the same, and make regular reports of the business transacted by him, and in every way faithfully perform his duties as agent in compliance with the instructions of the company through its proper officers; and at the end of the agency, by any cause whatever, deliver up to the authorized agent of the company all its moneys, books and property. Monaghan was removed by the company from his position as agent, and at the time of his removal had in his possession the sum of two hundred and eighty-two dollars, which he had received for premiums and which he refused to pay. This suit was instituted on the bond to coerce the payment of that sum.

After the removal of Monaghan and his refusal to pay, a

demand was made on the securities for payment, and Henderson thereupon notified the plaintiff in writing to commence suit forthwith. This notice was given after the forfeiture for which the action was brought. The plaintiff failed to bring its suit within thirty days after the notice was given, and Henderson contends that in consequence of such failure and neglect to sue he is discharged and exonerated from all liability. The court below held this to be a good defence as to Henderson and gave judgment in his favor, and then rendered judgment against Milroy for half the amount claimed. Monaghan made no defence, and judgment was taken against him by default.

The only question involved in the consideration of this cause is the proper construction to be placed on the fourth section of the "Act concerning securities." The first section of the "Act concerning securities" declares that any person bound as security for another in any bond, bill or note for the payment of money or delivery of property, may, at any time after an action has accrued thereon, require in writing the person having such right of action forthwith to commence suit against the principal debtor and other parties liable. The second section declares that if such suit is not commenced within thirty days after the service of such notice, and proceeded in with due diligence, in the ordinary course of law, to judgment and execution, such security shall be exonerated from liability to the person so notified. But the fourth section provides that these two sections shall not extend to the bond of any administrator, executor, guardian, curator, officer or other person given to secure the performance of the duties of his office, trust, place or business; nor to any bond with collateral condition, except bonds with conditions exclusively for the payment of money or the delivery of property, or for the performance of any covenant or agreement for the payment of money or delivery of property.

The bond given by the defendant in error to the insurance company is a bond with a collateral condition, and not with conditions exclusively for the payment of money or the de-

livery of property, or for the performance of any covenant or agreement for the payment of money or delivery of property. It has other conditions, among 'which are that the principal shall keep true and correct accounts, make regular reports of the business transacted by him to the company, and in every way to faithfully perform his duties as agent in com-. pliance with the instructions of the company through the authorized and proper officers. These are all conditions, and the violation of, or non-compliance with, either or all of them, would amount to a breach of the bond.

The bond must then be construed as given to secure the performance of a trust, place or business, and as such not embraced within the meaning of the first and second sections.

The judgment is reversed and the cause remanded. The other judges concur.